**LONNIE BILLARD,**

     **Plaintiff,**

**v.**

**CHARLOTTE CATHOLIC HIGH SCHOOL, MECKLENBURG AREA CATHOLIC SCHOOLS, and ROMAN CATHOLIC DIOCESE OF CHARLOTTE,**

     **Defendants.**

## ANSWER

Defendants Charlotte Catholic High School ("CCHS"), Mecklenburg Area Catholic Schools ("MACS"), and Roman Catholic Diocese of Charlotte (collectively "Defendants"), by counsel, answering the Complaint filed by Plaintiff in the above-captioned action:

### Nature of Action

Defendants admit that Plaintiff was assigned to CCHS beginning in May 2001 as a full-time instructional teacher until his voluntary retirement in June 2012; Defendants admit that Plaintiff served as a substitute teacher assigned to CCHS following his voluntary retirement until December 2014; upon information and belief, Defendants admit that Plaintiff married his same-sex partner and publicly announced his intention to do so; Defendants admit that Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964 and seeks declaratory and injunctive relief, damages and other equitable and legal remedies, but deny that Plaintiff can state any claim

1

or is entitled to any such relief; and Defendants deny the remaining allegations contained in what is referred to as "Nature of the Action" in Plaintiff's Complaint.

## Jurisdiction and Venue

1.      Upon information and belief, admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; admit that Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964, but deny that Plaintiff can state a viable claim or is entitled to any relief; and deny the remaining allegations in paragraph 1 of Plaintiff's Complaint;

2.      Admit that Plaintiff seeks declaratory relief as is authorized by 28 U.S.C. § 2201 and § 2202; but deny that Plaintiff is entitled to any such declaratory relief;

3.      Upon information and belief, admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391; but deny that Plaintiff can state a viable claim or is entitled to any relief; and deny the remaining allegations in paragraph 3 of Plaintiff's Complaint;

4.      Upon information and belief, admit that at all times relevant Plaintiff has resided in Charlotte, North Carolina; but deny the remaining allegations in paragraph 4 of Plaintiff's Complaint;

5.      Admit that CCHS is a co-educational parochial school for students in grades 9 through 12; admit that CCHS operates in Charlotte, North Carolina; but deny the remaining allegations in paragraph 5 of Plaintiff's Complaint;

6.      Admit that MACS is a regional system of parochial schools in the Charlotte area, including CCHS and eight other schools; admit that MACS maintains its principal place of business in Charlotte, North Carolina; but deny the remaining allegations in paragraph 6 of Plaintiff's Complaint;

7.     Admit that the Roman Catholic Diocese of Charlotte is an unincorporated religious association which maintains its principal place of business in Charlotte, North Carolina; but deny the remaining allegations in paragraph 7 of Plaintiff's Complaint;

### Exhaustion of Administrative Remedies

8.     Admit that Plaintiff filed three Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") dated May 15, 2015, naming MACS, CCHS and the Roman Catholic Diocese of Charlotte as Respondents; admit the EEOC issued documents titled "Notice of Right to Sue (Issued on Request)" dated November 30, 2016, copies of which Plaintiff attaches to his Complaint as Exhibits A-C; but deny the remaining allegations in paragraph 8 of Plaintiff's Complaint;

9.     Deny the allegations in paragraph 9 of Plaintiff's Complaint, as they constitute legal conclusions to which no response is required; but, to the extent a response is required, deny the allegations in paragraph 9 of Plaintiff's Complaint;

10.     Upon information and belief, admit that Plaintiff graduated from Central Missouri State University with a Bachelor of Science in Education; upon information and belief, admit that Plaintiff spent roughly ten years in various instructional roles within various school systems prior to accepting employment with MACS; upon information and belief, admit that Plaintiff worked as a Human Resources Manager with Barnett Bank and in a managerial role with Bank of America prior to seeking employment with MACS; but deny the remaining allegations in paragraph 10 of Plaintiff's Complaint;

11.     Admit the allegations in paragraph 11 of Plaintiff's Complaint;

12.     Deny they have knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in paragraph 12 of Plaintiff's Complaint and, accordingly, deny those allegations;

13.     Deny they have knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in paragraph 13 of Plaintiff's Complaint and, accordingly, deny those allegations;

14.     Admit that Plaintiff applied for a full-time teaching position at CCHS on January 30, 2001; admit that Plaintiff was hired as a full-time teacher on May 11, 2001 for the 2001-2002 academic school year; but deny the remaining allegations in paragraph 14 of Plaintiff's Complaint;

15.     Admit the allegations in paragraph 15 of Plaintiff's Complaint;

16.     Admit that Plaintiff began teaching drama courses in the fall of 2002 until his voluntary retirement on June 8, 2012; but deny the remaining allegations in paragraph 16 of Plaintiff's Complaint;

17.     Deny they have knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in paragraph 17 and, accordingly, deny those allegations;

18.     Admit that Plaintiff retired from full-time teaching effective June 8, 2012; admit that following Plaintiff's retirement he served as a substitute teacher at CCHS; but deny the remaining allegations in paragraph 18 of Plaintiff's Complaint;

19.     Admit that Plaintiff did not sign a formal contract of employment when serving as a substitute teacher at CCHS; admit that Plaintiff was included on a list of substitute teachers

who were available to be called in for assignment when full-time teachers were unavailable; but deny the remaining allegations in paragraph 19 of Plaintiff's Complaint;

20.     Admit that during the 2012-2013 academic calendar Plaintiff served as a substitute teacher assigned to CCHS for approximately ninety-four (94) days; admit that during the 2013-2014 academic calendar Plaintiff served as a substitute teacher assigned to CCHS for approximately seventy-six (76) days; admit that during the 2014-2015 academic calendar Plaintiff served as a substitute teacher assigned to CCHS for approximately sixty-nine (69) days; but deny the remaining allegations in paragraph 20 of Plaintiff's Complaint;

21.     Admit that Plaintiff received positive performance evaluations as a full-time teacher and did not receive performance evaluations as a substitute teacher; but deny the remaining allegations in paragraph 21 of Plaintiff's Complaint;

22.     Admit that Plaintiff listed his then-wife as his emergency contact person at the time his employment commenced, and that he listed Donham as one of multiple emergency contact persons on employment forms beginning in 2003, and repeatedly described Donham as a "Friend"; but deny they have knowledge or information sufficient to form a reasonable belief regarding the truth of the remaining allegations in paragraph 22 of Plaintiff's Complaint and, accordingly, deny those allegations;

23.     Admit upon information and belief that Plaintiff published a post on the social media website Facebook in 2014 announcing his intention to marry his same-sex partner; but deny they have knowledge or information sufficient to form a reasonable belief regarding the accuracy of the alleged quotation or date of the post in paragraph 23 of Plaintiff's Complaint and, accordingly, deny those allegations;

24.     Deny they have knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in paragraph 24 of Plaintiff's Complaint and, accordingly, deny those allegations;

25.     Admit that CCHS Assistant Principal Steve Carpenter advised CCHS teacher Joan Stretch that Plaintiff would not be returning as a substitute for her English classes following the 2014 Christmas break; but deny they have knowledge or information sufficient to form a reasonable belief regarding the truth of the remaining allegations in paragraph 25 of Plaintiff's Complaint and, accordingly, deny those allegations;

26.     Admit that CCHS Assistant Principal Steve Carpenter advised Plaintiff via telephone that he would not be permitted to return as a substitute teacher at CCHS following the 2014 Christmas break because he had publicly announced his intention to marry a person of the same sex, in violation of Defendants' policies and the teachings of the Catholic Church; but deny the remaining allegations in paragraph 26 of Plaintiff's Complaint;

27.     Deny the allegations in paragraph 27 of Plaintiff's Complaint;

28.     Admit that Plaintiff has not been selected to serve as a substitute teacher at CCHS since December 2014; but deny the remaining allegations in paragraph 28 of Plaintiff's Complaint;

## Cause of Action

29.     Defendants incorporate herein by reference their responses to paragraphs 1 through 28 of Plaintiff's Complaint;

30.     Deny the allegations in paragraph 30 of Plaintiff's Complaint;

31.     Admit the allegations in paragraph 31 of Plaintiff's Complaint;

32.     Admit the allegations in paragraph 32 of Plaintiff's Complaint;

33.     Deny the allegations in paragraph 33 of Plaintiff's Complaint;

34.     Deny the allegations in paragraph 34 of Plaintiff's Complaint;

35.     Deny the allegations in paragraph 35 of Plaintiff's Complaint;

36.     Deny the allegations in paragraph 36 of Plaintiff's Complaint;

37.     Deny the allegations in paragraph 37 of Plaintiff's Complaint;

38.     Deny the allegations in paragraph 38 of Plaintiff's Complaint;

39.     Deny it is required to respond to Plaintiff's prayer for relief; but, to the extent a response is required, deny that Plaintiff is entitled to any of the damages or relief he demands.

### Affirmative & Additional Defenses

Defendants, by counsel, state as follows for their affirmative and additional defenses, and averments:

1.      Defendants deny each and every allegation in Plaintiff's Complaint except as specifically admitted herein.

2.      Defendants deny they are required to respond to the allegations in Plaintiff's Complaint to the extent those allegations constitute legal conclusions.

3.      Plaintiff's Complaint fails to state claims upon which relief can be granted pursuant to the Federal Rules of Civil Procedure 12(b)(6).

4.      Any and all claims against Defendants must be dismissed, as they are not employers pursuant to Title VII of the Civil Rights Act of 1964.

5.      Plaintiff's Complaint is barred, in whole or in part, by all applicable statutes of limitations.

6.      Any claims for which Plaintiff failed to exhaust his administrative remedies, *e.g.*, by including the claim in a timely Charge of Discrimination filed with the EEOC, are barred.

7.      Plaintiff's claims are barred in whole or in part by the church autonomy doctrine and/or the First Amendment of the United States Constitution, including but not limited to the religion clauses, free speech clause, and/or the freedom of association clause.

8.      Plaintiff's claims are barred in whole or in part by the Religious Freedom Restoration Act.

9.      Plaintiff's claims are barred in whole or in part by the ministerial exception recognized in *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 565 U.S. ---, 132 S.Ct. 694 (2012).

10.     Defendants acted reasonably and in good faith at all times relevant to Plaintiff's claims and has not violated Title VII of the Civil Rights Act of 1964.

11.     All actions taken by Defendants with regard to Plaintiff were based on legitimate, non-discriminatory reasons, and all of Defendants' actions with respect to Plaintiff were for good cause.

12.     Defendants reserve the right to rely on the defense that Plaintiff has failed to mitigate his damages.

13.     To the extent Plaintiff seeks compensatory or punitive damages, such damages are not recoverable because Plaintiff cannot establish that Defendants acted with the requisite malice and/or bad faith.  Plaintiff's claims for punitive damages also violate both the United States and North Carolina Constitutions.

14.     Defendants respectfully reserve the right to supplement their Answer and Affirmative & Additional Defenses to assert other lawful defenses applicable to this action.

Based on the foregoing, Defendants, by counsel, request the Court to enter an Order dismissing Plaintiff's Complaint, with prejudice; awarding them the costs expended herein; and granting such further relief as the Court deems just and proper.

This the 7th day of February 2017.

Respectfully submitted,

/s/ Meredith A. Pinson
John G. McDonald (N.C. Bar No. 23848)
jmcdonald@mcguirewoods.com
Joshua D. Davey (N.C. Bar No. 35246)
jdavey@mcguirewoods.com
Meredith A. Pinson (N.C. Bar No. 39990)
mpinson@mcguirewoods.com
McGuireWoods LLP
201 North Tryon Street, Ste. 3000
Charlotte, North Carolina  28202
704.343.2276
704.444.8753 (Facsimile)

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the court using

the CM/ECF system, which will send electronic notice to counsel for Plaintiff at the addresses as

follows:

> S. Luke Largess
> Tin Fulton Walker & Owen PLLC
> 301 East Park Avenue
> Charlotte, North Carolina 28202
> Telephone: 704-338-1220
> Facsimile: 704-338-1312
> Email: llargess@tinfulton.com
>
> Christopher Brooke
> American Civil Liberties Union of North Carolina Legal Foundation
> P.O. Box 28004
> Raleigh, North Carolina 27611
> Telephone: 919-834-3466
> Facsimile: 866-511-1344
> Email: cbrook@acluofnc.org

This the 7th day of February 2017.

.

> /s/ Meredith A. Pinson
> Meredith A. Pinson (N.C. Bar No. 39990)