**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**Civil Action No. 3:17-cv-0011**

| | |
|---|---|
| **LONNIE BILLARD,**<br><br>Plaintiff,<br><br>v.<br><br><br>**CHARLOTTE CATHOLIC HIGH SCHOOL, MECKLENBURG AREA CATHOLIC SCHOOLS, and ROMAN CATHOLIC DIOCESE OF CHARLOTTE,**<br><br>Defendants. | |

**JOINT CERTIFICATION AND REPORT OF F.R.C.P. 26(f) CONFERENCE
AND PROPOSED DISCOVERY PLAN**

1. <u>Certification of Conference</u>. Pursuant to Fed. R. Civ. P. 26(f), counsel for Plaintiff Lonnie Billard, Brian Hauss, Luke Largess, and Christopher Brook, and counsel for Defendants Charlotte Catholic High School, Mecklenburg Area Catholic Schools, and Roman Catholic Diocese of Charlotte, Joshua Davey and Meredith Pinson, conferred about the proposed discovery plan on February 23, 2017.

2. <u>Pre-Discovery Disclosures</u>.

   ☒   The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by March 9, 2017.

   ☐   The parties stipulate out of or object to mandatory initial disclosures.

3. <u>Brief Statement of the Nature and Complexity of the Case</u>.

   **Plaintiff's Statement**:

   Billard brings this employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended. He alleges that Defendants terminated his employment

1

because he announced his marriage to a same-sex partner on Facebook, in violation of Title VII's prohibition against discrimination on the basis of sex. He seeks declaratory and injunctive relief, damages, and other equitable legal remedies pursuant to the statute.

**Defendants' Statement**:

Defendants deny that Plaintiff can state any claim under Title VII or is entitled to any relief as against any of the named Defendants. Plaintiff cannot establish that he was an employee of any Defendant as required in order to bring a claim under Title VII, nor can he establish that that the decision to terminate his assignment was because of his sex. Further, the ministerial exception, the church autonomy doctrine, the Religious Freedom Restoration Act, and the application of the First Amendment's free speech, free association, and religion clauses preclude Plaintiff's claims.

**Joint Statement**:

There are several legal and factual disputes in this case, including: Plaintiff's employment status; the application of Title VII to Defendants' alleged conduct; the application of the ministerial exception to Plaintiff's position; the application of the Religious Freedom Restoration Act; the application of the church autonomy doctrine; the application of the First Amendment's free speech, free association, and religion clauses; and the scope of available damages.

4. Case Management Track.

   ☒ The parties jointly request that this matter be assigned to the **Standard Track**. If this case management track is assigned, the discovery completion deadline would be August 24, 2017 and the dispositive motions deadline would be September 21, 2017.

   ☐ The parties disagree as to the appropriate case management track.

   ☒ (Check if applicable and explain below.) Identify any anticipated conflicts (including personal or professional obligations, family or medical leave, or vacation that has been secured in advance) upon which any party or counsel would seek to have the discovery period extended by a reasonable period of not more than eight (8) weeks and/or the trial setting continued not more than one (1) complete motions/trial calendar cycle beyond that which otherwise would be justified based solely on the nature and complexity of the case:

   *Plaintiff*: Plaintiff's counsel have no scheduling conflicts at this time.

> *Defendants*: Counsel for Defendants currently anticipate the below professional conflicts which may result in the need to have the discovery period extended:
>
> - Counsel for Defendants John G. McDonald and Meredith A. Pinson are currently set for a trial term in this Court beginning September 11, 2017;
>
> - Counsel for Defendants Meredith A Pinson is currently set for trial in Mecklenburg County Superior Court beginning September 18, 2017;
>
> - Counsel for Defendants John G. McDonald and Meredith A. Pinson are currently set for a trial term in this Court beginning January 2, 2018;

5. <u>Discovery Plan</u>. The parties jointly propose to the Court the following discovery deadlines and limitations.

   (a) Deadline for motions to join additional parties or otherwise amend the pleadings: April 20, 2017.

   (b) Discovery Limits:

   1) Maximum of 25 interrogatories per party.
   2) Maximum of 25 requests for production per party.
   3) Maximum of 25 requests for admission per party.
   4) Maximum of 30 hours of oral deposition per party, excluding experts.

   (c) Expert reports from experts retained under Rule 26(a)(2) will be due:

   - From Plaintiffs by June 29, 2017
   - From Defendants by July 27, 2017
   - Any rebuttal by August 24, 2017

   Supplementations under Rule 26(e) are due within 15 days of the date the need for supplementation is discovered.

   (d) Special Issues Regarding the Scope and Schedule of Discovery. (Note that in cases complex enough to warrant the bifurcation of discovery or other proceedings, the parties may propose separate phases of discovery, provided that the aggregate amount of time allocated to all phases of discovery does not exceed the total number of weeks permitted for discovery given the appropriate case management track.)

   (e) *Objections*: None.

6. <u>Other Items</u>.

(a) <u>Initial Pretrial Conference</u>. The parties do not request a conference with the Court prior to the entry of a Case Management Order.

(b) <u>Alternative Dispute Resolution</u>.

The prospect of settlement may be enhanced at a later date by use of the following ADR procedures:

☒ Mediated Settlement Conference
☒ Judicial Settlement Conference
☐ Binding Arbitration

The parties agree that the above-selected ADR procedure would be most useful if conducted:

☐ Prior to further discovery.
☐ After an initial round of preliminary discovery.
☒ After the completion of discovery.

(c) <u>Trial Estimates</u>. Trial is expected to take approximately 3-5 days. This case will be tried without a jury.

(d) Local Civil Rule 73.1(C) Certification.
☒ The parties have discussed the issue of consent to a magistrate judge and the parties do not consent to the exercise of jurisdiction by a magistrate judge.

7. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, privilege, and electronically stored information):

<u>Alternative Dispute Resolution</u>:

The parties do not presently believe that this case is a strong candidate for early resolution. The parties presently request that this case be subject to a mediated settlement conference or judicial settlement conference after the completion of discovery. However, the parties anticipate the possibility that they may move the Court to permit alternative dispute resolution to occur after dispositive motions are resolved.

<u>Protective Order</u>:

Discovery in this case should be governed by a protective order. Plaintiff and Defendants stipulate that the Standing Order for Civil Cases before the Honorable Frank D. Whitney,

*see* Dkt. Entry 3, Miscellaneous No. 3:07-MC-47, will govern the production of any Confidential documents in this action.

Electronically Stored Information:

The parties agree that to the extent electronically stored information will be produced, it will be produced (i) in single-page TIFF images, where available; (ii) with a data load file compatible with either Concordance (DAT) or Concordance (CSV); and (iii) with the following fields: Beg Bates, End Bates, and Custodian. The parties shall produce Excel spreadsheets in native format. Further, the parties may produce other electronically stored information in native format if such information (i) cannot be converted to TIFF format or searchable .pdf format, and/or (ii) can be converted to TIFF format or searchable .pdf format but would become illegible or unusable after conversion.

Respectfully submitted, this the 1st day of March 2017.

| | |
|---|---|
| /s/ Luke Largess | /s/ Meredith A. Pinson |
| S. Luke Largess | John G. McDonald (N.C. Bar No. 23848) |
| Tin Fulton Walker & Owen PLLC | jmcdonald@mcguirewoods.com |
| 301 East Park Avenue | Joshua D. Davey (N.C. Bar No. 35246) |
| Charlotte, North Carolina 28202 | jdavey@mcguirewoods.com |
| Telephone: 704-338-1220 | Meredith A. Pinson (N.C. Bar No. 39990) |
| Facsimile: 704-338-1312 | mpinson@mcguirewoods.com |
| Email: llargess@tinfulton.com | MCGUIREWOODS LLP |
| | 201 North Tryon Street, Ste. 3000 |
| Christopher Brook | Charlotte, North Carolina 28202 |
| American Civil Liberties Union of North | 704.343.2276 |
| Carolina Legal Foundation | 704.444.8753 (Facsimile) |
| P.O. Box 28004 | |
| Raleigh, North Carolina 27611 | *Attorneys for Defendants* |
| Telephone: 919-834-3466 | |
| Facsimile: 866-511-1344 | |
| Email: cbrook@acluofnc.org | |
| | |
| Brian Hauss | |
| American Civil Liberties Union Foundation | |
| 125 Broad Street, 18th Floor | |
| New York, NY 10004 | |
| Telephone: 212-549-2604 | |
| Facsimile: 212-549-2652 | |
| Email: bhauss@aclu.org | |

Elizabeth O. Gill
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA  94111
Telephone:  415-621-2493
Facsimile:  415-255-8437
Email:  egill@aclunc.org

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send electronic notice to counsel for Plaintiff at the addresses as follows:

      S. Luke Largess
      Tin Fulton Walker & Owen PLLC
      301 East Park Avenue
      Charlotte, North Carolina 28202
      Telephone: 704-338-1220
      Facsimile: 704-338-1312
      Email: llargess@tinfulton.com

      Christopher Brooke
      American Civil Liberties Union of North Carolina Legal Foundation
      P.O. Box 28004
      Raleigh, North Carolina 27611
      Telephone: 919-834-3466
      Facsimile: 866-511-1344
      Email: cbrook@acluofnc.org

      Brian Hauss
      American Civil Liberties Union Foundation
      125 Broad Street, 18th Floor
      New York, NY 10004
      Telephone: 212-549-2604
      Facsimile: 212-549-2652
      Email: bhauss@aclu.org

      Elizabeth O. Gill
      American Civil Liberties Union Foundation
      39 Drumm Street
      San Francisco, CA 94111
      Telephone: 415-621-2493
      Facsimile: 415-255-8437
      Email: egill@aclunc.org

This the 1st day of March 2017.

                                        /s/ Meredith A. Pinson
                                        Meredith A. Pinson (N.C. Bar No. 39990)