IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

LONNIE BILLARD,

    *Plaintiff*,

    v.

CHARLOTTE CATHOLIC HIGH SCHOOL,
MECKLENBURG AREA CATHOLIC
SCHOOLS, and ROMAN CATHOLIC
DIOCESE OF CHARLOTTE,

    *Defendants*.

**Civil Action No. 3:17-cv-0011**

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's order dated June 16, 2018 (ECF No. 44), Plaintiff Lonnie Billard submits this supplemental memorandum of law regarding *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, 138 S. Ct. 1719 (2018), in support of Plaintiff's Motion for Partial Summary Judgment (ECF No. 26) and in opposition to Defendants' Motion for Summary Judgment (ECF No. 29).

### INTRODUCTION

Plaintiff Lonnie Billard taught drama at Charlotte Catholic High School for more than a decade and continued to work as a substitute teacher after retirement. But after he decided to marry his long-time partner, Defendants fired him "because he is a man who intended to, and did, marry another man," Compl. ¶ 32; Answer ¶ 32. In doing so, Defendants violated Title VII of the Civil Rights Act of 1964, which prohibits covered employers from "fail[ing] or refus[ing]

1

to hire or to discharge any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). *See Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018) (en banc), *pet. for certiorari filed,* May 29, 2018*; Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 340 (7th Cir. 2017) (en banc).

Defendants have argued that applying Title VII to their decision to fire Mr. Billard would violate their First Amendment rights to freedom of association, *see* Defs.' Opp'n 11-15, and would violate the Religious Freedom Restoration Act ("RFRA"), *see* Defs.' Opp'n 19-20. Plaintiffs have already explained why neither of those affirmative defenses allows a religiously affiliated employer to discriminate against a non-ministerial employee in violation of a generally applicable antidiscrimination statute such as Title VII. *See* Pl's. Reply 2-5. Although the First Amendment provides religious organizations with a "ministerial exception" to Title VII for employees who perform religious functions, Defendants stipulated away any argument based on the "ministerial exception" in this case. *See* Pl.'s Mem. 14-15; Pl.'s Opp'n 9-10.

The Supreme Court's recent decision in *Masterpiece* further demonstrates why Defendants' affirmative defenses fail as a matter of law.

## I. *Masterpiece* Confirms Defendants Do Not Have a First Amendment Right to Discriminate Against Non-Ministerial Employees In Violation of Title VII Based on Religious Beliefs About Marriage.

*Masterpiece* reaffirms that the First Amendment does not provide a right to discriminate against same-sex couples in the commercial marketplace in violation of generally applicable antidiscrimination statutes. The Supreme Court granted certiorari in *Masterpiece* to decide whether a bakery had a right under the Free Speech or Free Exercise Clause of the First Amendment to refuse to sell wedding cakes to same-sex couples in violation of a Colorado public accommodations statute prohibiting discrimination based on sexual orientation. In its

decision, however, the Supreme Court declined to address the bakery's free speech arguments and instead held that the Colorado Civil Rights Commission violated the baker's freedom of religion by expressing hostility toward his religious beliefs at a commission hearing. *See Masterpiece*, 138 S. Ct. at 1729-32.

Critically, the Supreme Court did *not* hold that the statute itself violated the bakery's First Amendment rights. To the contrary, the Supreme Court reaffirmed that neutral and generally applicable laws protecting same-sex couples from discrimination are constitutional:

> Our society has come to the recognition that gay persons and gay couples cannot be treated as social outcasts or as inferior in dignity and worth. For that reason the laws and the Constitution can, and in some instances must, protect them in the exercise of their civil rights. The exercise of their freedom on terms equal to others must be given great weight and respect by the courts. At the same time, the religious and philosophical objections to gay marriage are protected views and in some instances protected forms of expression. As this Court observed in *Obergefell v. Hodges*, 576 U.S. ——, 135 S. Ct. 2584, 192 L.Ed.2d 609 (2015), "[t]he First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths." *Id.*, at ——, 135 S.Ct., at 2607. Nevertheless, while those religious and philosophical objections are protected, it is a general rule that such objections do not allow business owners and other actors in the economy and in society to deny protected persons equal access to goods and services under a neutral and generally applicable public accommodations law. *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, n. 5, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (per curiam ); *see also Hurley v. Irish–American Gay, Lesbian and Bisexual Group of Boston, Inc.*, 515 U.S. 557, 572, 115 S.Ct. 2338, 132 L.Ed.2d 487 (1995) ("Provisions like these are well within the State's usual power to enact when a legislature has reason to believe that a given group is the target of discrimination, and they do not, as a general matter, violate the First or Fourteenth Amendments").

*Id.* at 1727. The Court cautioned that such cases should be adjudicated "with tolerance, without undue disrespect to sincere religious beliefs, and without subjecting gay persons to indignities when they seek goods and services in an open market." *Id.* at 732.

Under *Masterpiece*, Defendants' First Amendment arguments must be rejected. Title VII is a neutral and generally applicable law, and—unlike the members of the Colorado Civil Rights

3

Commission—this Court will provide the fair and impartial adjudication that the Constitution requires. This case therefore falls under the "general rule" that employers do not have a First Amendment right to discriminate in violation of an anti-discrimination statute. *Id.* at 1727.

To be sure, religious organizations—including Defendants—are entitled to an exemption under the First Amendment if the employee's job position qualifies for the "ministerial exception" to Title VII. As *Masterpiece* noted, "a member of the clergy who objects to gay marriage on moral and religious grounds could not be compelled to perform the ceremony." *Id.* But Defendants expressly stipulated away any defense based on the ministerial exception in this case. "Where no spiritual function is involved, the First Amendment does not stay the application of a generally applicable law such as Title VII to the religious employer unless Congress so provides." *EEOC v. Roman Catholic Diocese of Raleigh, N.C.*, 213 F.3d 795, 801 (4th Cir. 2000).

## II. *Masterpiece* Confirms That Applying Title VII To Discrimination Against Same-Sex Couples Does Not Violate RFRA.

Under *Masterpiece*, Defendants' affirmative defense based on RFRA should also be rejected. As explained in Plaintiff's previous briefing, RFRA does not apply to litigation between private parties. *See* Pl's. Reply 3. Moreover, when RFRA does apply, prohibiting employers from engaging in sex discrimination against non-ministerial employees satisfies RFRA's test, which provides that "Government may substantially burden a person's exercise of religion" when "application of the burden to the person . . . is in furtherance of a compelling governmental interest; and . . . is the least restrictive means of furthering that compelling governmental interest." 42. U.S.C. § 2000bb-1(b). *See* Pl's. Reply 3-5. Indeed, although Defendants' briefs placed great reliance on the district court decision in *EEOC v. R.G. & G.R. Harris Funeral Homes, Inc.*, 201 F. Supp. 3d 837 (E.D. Mich. 2016) (concluding that application

4

of Title VII violated RFRA), that decision was recently overturned by the Sixth Circuit on appeal, *see* 884 F.3d 560 (2018).

*Masterpiece* further reinforces Plaintiff's argument that prohibiting employment discrimination against same-sex couples is a compelling governmental interest under RFRA's test. The Supreme Court made clear that "the laws and the Constitution can, and in some instances must, protect them in the exercise of their civil rights. The exercise of their freedom on terms equal to others must be given great weight and respect by the courts." *Masterpiece*, 138 S. Ct. at 1727. To reinforce the point, the Court cited to a case involving race discrimination. *See id.* (citing *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, n.5 (1968) (per curiam)). Thus, when a religious employer decides to enter the commercial marketplace and hire non-ministerial employees to perform secular functions, the government has a compelling interest in protecting those employees—including same-sex couples—from discrimination on the basis of sex, and Title VII is "precisely tailored to achieve that critical goal." *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2783 (2014); *see R.G. &. G.R. Harris Funeral Homes*, 884 F.3d at 595.

## CONCLUSION

For all these reasons—and for the reasons discussed in Plaintiff's previous submissions—Plaintiff's motion for partial summary judgment should be granted, and Defendants' motion for summary judgment should be denied.

Dated: July 13, 2018                         Respectfully submitted,

                                                     /s/  Joshua A. Block

                                        S. Luke Largess (NC Bar # 17486)
                                        Tin Fulton Walker & Owen PLLC
                                        301 East Park Avenue

Charlotte, NC 28202
Telephone: (704) 338-1220
Facsimile: (704) 338-1312

Christopher Brook (NC Bar #33838)
American Civil Liberties Union
of North Carolina Legal Foundation
PO Box 28004
Raleigh, NC 27611
Telephone: (919) 834-3466
Facsimile: (866) 511-1344

Joshua A. Block (*pro hac vice*)
Brian Hauss (*pro hac vice*)
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2604
Facsimile: (212) 549-2652

Elizabeth O. Gill (*pro hac vice*)
American Civil Liberties Union
Foundation
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Counsel for Plaintiff*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed a copy of forgoing document with the Clerk of Court using the CM/ECF system. All participants in the case are registered CM/ECF users and are hereby served through the CM/ECF system.

Dated: July 13, 2018

**/s/Joshua A. Block**
Joshua A. Block

7

Case 3:17-cv-00011-FDW-DCK   Document 45   Filed 07/13/18   Page 7 of 7