UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:17-cv-0011

LONNIE BILLARD,

    Plaintiff,

v.

CHARLOTTE CATHOLIC HIGH SCHOOL, MECKLENBURG AREA CATHOLIC SCHOOLS, and ROMAN CATHOLIC DIOCESE OF CHARLOTTE,

    Defendants.

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

After the parties completed briefing on their cross-motions for summary judgment, the Court issued an order staying this case pending the United States Supreme Court's decision in *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, 138 S. Ct. 1719 (2018) (Doc. 38). On June 4, 2018, the Supreme Court issued its decision. On June 18, 2018, the Court lifted the stay and permitted the parties to file supplemental briefing in support of their motions for summary judgment (Doc. 44). Pursuant to the Court's order, Defendants Charlotte Catholic High School ("CCHS"), Mecklenburg Area Catholic Schools ("MACS"), and the Roman Catholic Diocese of Charlotte ("Diocese") (collectively "Defendants"), submit this supplemental memorandum in support of their Motion for Summary Judgment.

1

**I.      Defendants Are Entitled to Summary Judgment.**

In *Masterpiece Cakeshop*, the Supreme Court reaffirmed the promise it made in its 2015 decision, *Obergefell v. Hodges,* in which it recognized a right to same-sex marriage—specifically, that "[t]he First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths."  138 S. Ct. at 1727 (quoting *Obergefell v. Hodges*, 135 S. Ct. 2584, 2607 (2015)).  Although *Masterpiece Cakeshop* did not directly address the specific and narrow questions of statutory interpretation relating to Title VII and RFRA that this case presents, it—following *Obergefell* itself—signals a broader mandate:  that the courts may not ignore America's first liberty in the course of upholding the newly-recognized right to same-sex marriage.

In light of these fundamental principles, Defendants are entitled to summary judgment.  Defendants—a Catholic high school, Catholic school system, and Catholic Diocese—are entitled to "protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths"—here, the fundamental Catholic teaching that "God himself is the author of marriage" a vocation "written in the very nature of man and woman."  *Catechism of the Catholic Church* § 1603.

      **A.**     ***Masterpiece Cakeshop* Clarifies The Scope of Religious Protection Under the First Amendment.**

In *Masterpiece Cakeshop*, the Supreme Court affirmed the rights of religious organizations and persons to have "full and fair consideration [of their] religious objection[s]" to same-sex marriage taken into consideration when courts interpret the scope of civil rights legislation like the Colorado Anti-Discrimination Act ("Act").  138 S. Ct. at 1732.

In *Masterpiece Cakeshop*, a baker in Colorado declined to make a custom ordered cake for a same-sex wedding reception because of the baker's religious opposition to same-sex marriage. *Id.* at 1723. The couple then filed a charge with the Colorado Civil Rights Commission ("Commission") alleging the baker violated the Act by discriminating on the basis of sexual orientation. *Id.* Ultimately, the Commission determined that the baker's actions violated the Act. *Id.* On appeal, the Supreme Court invalidated the Commission's ruling because of the Commission's treatment of the baker's religious beliefs during its proceeding. *Id.* at 1732.

The Court held that the Commission denied the baker the neutral and respectful consideration of his religious beliefs to which he was entitled because of the Commission's "clear and impermissible hostility toward the sincere religious beliefs that motivated" the baker's objection to preparing the wedding cake for a same-sex wedding. *Id.* at 1729. The Supreme Court specifically called into question comments by the commissioners "implying that religious beliefs and persons are less than fully welcome in Colorado's business community" and that religious beliefs cannot legitimately be carried into the public sphere. *Id.*

*Masterpiece Cakeshop* is instructive in this case. Although the Court invalidated the Commission's decision on narrow grounds, *Masterpiece Cakeshop*, like *Obergefell*, demonstrates that the Constitution recognizes a place—including in the public sphere—for religious beliefs, which exist side-by-side with other constitutional guarantees. Accordingly, religious institutions and persons today may "advocate with utmost, sincere conviction that, by divine precepts, same-sex marriage should not be condoned," *Obergefell v. Hodges*, 135 S. Ct. at 2607, and these sincerely held beliefs are still entitled to full protection and consideration under the First Amendment. *Masterpiece Cakeshop*, 138 S. Ct. at 1732.

3

In this case, Defendants are religious organizations that believe in the moral teachings of the Catholic Church, which recognizes marriage as only between one man and one woman. Under *Masterpiece Cakeshop* and *Obergefell*, Defendants continue to have a right under the First Amendment to teach and practice their Christian view of human sexuality, and cannot be compelled, under penalty of law, to employ teachers who advocate positions directly contrary to these fundamental beliefs.

**B.    Billard's Claims Fail as a Matter of Law.**

Billard cites to *Zarda v. Altitude Express, Inc,* 883 F.3d 100 (2d Cir. 2018) and *EEOC v. R.G. &. G.R. Harris Funeral Homes, Inc.,* 884 F.3d 560 (6th Cir. 2018) in his notices of supplemental authority (Doc. 42, 44). However, neither opinion justifies a different result in this case.

First, Billard's arguments regarding *Zarda* and *Harris* ignore controlling precedent. For example, in *Zarda*, the Second Circuit held that sexual orientation discrimination violates Title VII. *See* 883 F.3d at 108. This out of circuit decision directly contradicts the Fourth Circuit's explicit holding in *Hopkins v. Baltimore Gas & Elec. C*o., that "Title VII does not prohibit conduct based on an employee's sexual orientation." *See also Snyder v. Ohio Elec. Motors, Inc*., No. 1:17-CV-00134-MR-DLH, 2018 WL 1353124, at *2 (W.D.N.C. Mar. 15, 2018).

Plaintiff's reliance on *Harris* is similarly misplaced here. In this case, the RFRA analysis is controlled by Supreme Court precedent in *Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct. 2751 (2014) and *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006). In *Harris*, the Sixth Circuit misapplies these cases' holdings as well as the explicit language of RFRA. *See* 42 U.S.C. § 2000bb–1(b). Specifically, both the statutory language of RFRA and *Hobby Lobby* and *O Centro* require that under RFRA, a person whose religious

4

exercise is substantially burdened by a law is entitled to an exemption unless the Government "demonstrates that application of the burden to the person (*the particular claimant whose sincere exercise of religion is being substantially burdened*) – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Hobby Lobby Stores, Inc.*, 134 S.Ct. at 2761 (citing 42 U.S.C. § 2000bb–1(b))(emphasis added); *see also O Centro*, 546 U.S. at 431.

But, in *Harris*, the Sixth Circuit ignored this "to the person" individualized standard, and rather took a generalized, categorical approach to determining whether the substantial burden placed on the defendant's religious exercise was the least restrictive means of furthering a compelling governmental interest. *See Harris,* 884 at 592 (acknowledging that the harms identified by the EEOC were "simply permutations of the generic harm that is always suffered in employment discrimination cases").

Second, even if the Court were to consider the out of circuit decisions in *Zarda* or *Harris*, *Masterpiece Cakeshop* and *Obergefell* still mandates a different result here, as neither *Zarda* nor *Harris* involved religious objections to same-sex marriage—a belief that *Masterpiece Cakeshop* and *Obergefell* make explicitly clear remains protected under the First Amendment.

## CONCLUSION

Defendants request that the Court enter summary judgment in favor of the Defendants on all of the Plaintiff's claims.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certify that the foregoing memorandum does not exceed 1,500 words.

5

This the 16th day of July 2018.

                    Respectfully submitted,

                    /s/ Meredith A. Pinson
                    John G. McDonald (N.C. Bar No. 23848)
                    jmcdonald@mcguirewoods.com
                    Joshua D. Davey (N.C. Bar No. 35246)
                    jdavey@mcguirewoods.com
                    Meredith A. Pinson (N.C. Bar No. 39990)
                    mpinson@mcguirewoods.com
                    MCGUIREWOODS LLP
                    201 North Tryon Street, Ste. 3000
                    Charlotte, North Carolina 28202
                    704.343.2276
                    704.444.8753 (Facsimile)

                    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send electronic notice to counsel for Plaintiff at the addresses as follows:

        Joshua Block
        American Civil Liberties Union
        125 Broad Street, 18th Floor
        New York, NY 10004-2400
        Telephone: 212-549-2627
        Facsimile: 212-549-2650
        Email: jblock@aclu.org

        S. Luke Largess
        Tin Fulton Walker & Owen PLLC
        301 East Park Avenue
        Charlotte, North Carolina 28202
        Telephone: 704-338-1220
        Facsimile: 704-338-1312
        Email: llargess@tinfulton.com

        Christopher Brooke
        American Civil Liberties Union of North Carolina Legal Foundation
        P.O. Box 28004
        Raleigh, North Carolina 27611
        Telephone: 919-834-3466
        Facsimile: 866-511-1344
        Email: cbrook@acluofnc.org

        Brian Hauss
        American Civil Liberties Union Foundation
        125 Broad Street, 18th Floor
        New York, NY 10004
        Telephone: 212-549-2604
        Facsimile: 212-549-2652
        Email: bhauss@aclu.org

        Elizabeth O. Gill
        American Civil Liberties Union Foundation
        39 Drumm Street
        San Francisco, CA 94111

Telephone: 415-621-2493
Facsimile: 415-255-8437
Email: egill@aclunc.org

This the 16th day of July 2018.

.

                                          /s/ Meredith A. Pinson
                                          Meredith A. Pinson (N.C. Bar No. 39990)