IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

LONNIE BILLARD,

    *Plaintiff*,

    v.

CHARLOTTE CATHOLIC HIGH SCHOOL,
MECKLENBURG AREA CATHOLIC
SCHOOLS, and ROMAN CATHOLIC
DIOCESE OF CHARLOTTE

    *Defendants*.

**Civil Action No. 3:17-cv-0011**

**PLAINTIFF'S SUPPLEMENTAL AUTHORITY**

Pursuant to Local Civil Rule 7.1(j) and this Court's order dated June 16, 2018 (ECF No. 44), Plaintiff Lonnie Billard submits *Spencer v. Town of Bedford,* No. 6:18-cv-31, 2018 U.S. Dist. LEXIS 188310, at *10 n.2 (W.D. Va. Nov. 2, 2018)(attached as Ex. A), as supplemental authority in support of Plaintiff's Motion for Partial Summary Judgment (ECF No. 26) and in opposition to Defendants' Motion for Summary Judgment (ECF No. 29). The opinion addresses the issue of whether sexual orientation discrimination is covered by Title VII and whether *Wrightson v. Pizza Hut of Am.*, 99 F.3d 138 (4th Cir. 1996) is binding precedent for this Court on that question.

The opinion in *Spencer,* written by Senior District Court Judge Norman Moon, addressed a motion to dismiss Title VII and other claims by a lesbian woman who had been terminated as Deputy Chief of Police by the Defendant Town of Bedford, Virginia. The court found sufficient pleading of discrimination based on her gender to withstand the motion to dismiss the Title VII claim without deciding whether Title VII protected against sexual orientation discrimination.

1

*Spencer,* 2018 U.S. Dist. LEXIS 188310, at *8-10. It noted, however, that she pled discrimination on being a "gay woman" and offered the following with regard to whether *Wrightson v. Pizza Hut of Am.*, 99 F.3d 138 (4th Cir. 1996) is controlling precedent in the Fourth Circuit on whether Title VII protects against sexual orientation discrimination as discrimination based on sex.

> While the Court does not find it necessary to reach the question of Title VII's application to sexual orientation, it notes that the Fourth Circuit's pronouncement in *Wrightson* regarding the issue has all the hallmarks of dicta. *See Jones v. Va. Polytechnic Inst. & State Univ.*, Civil Action No. 7:17-cv-531, 2018 U.S. Dist. LEXIS 163753 (W.D. Va. Sept. 25, 2018) (Ballou, J.) (questioning the authority of *Wrightson* insofar as it claims Title VII does not protect against discrimination based upon sexual orientation). Later developments further call into question the viability of *Wrightson*'s exclusion of sexual orientation from Title VII. For example, after *Wrightson*, the Supreme Court espoused a broader reading of Title VII. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998) (stating that "statutory prohibitions often go beyond the principal evil to cover reasonably comparable evils, and it is ultimately the provision of our laws rather than the principal concerns of our legislatures by which we are governed."). Additionally, the Equal Employment Opportunity Commission recently stated that a claim of discrimination based on sexual orientation was a claim of sex discrimination. *Baldwin v. Foxx*, EEOC Decision No. 0120133080, 2015 EEOPUB LEXIS 1905, 2015 WL 4397641, at *5 (July 15, 2015) (concluding that "Complainant's claim of sexual orientation discrimination alleges that [a federal agency] relied on sex-based considerations and took his sex into account in its employment decision."). Ultimately, the Court recognizes this is an unsettled question that has led to a circuit split, and there are currently two petitions for writs of certiorari pending before the Supreme Court. *Bostock v. Clayton Cty. Bd. of Comm'rs*, 723 Fed. Appx. 964 (11th Cir. 2018) (upholding a prior ruling that rejected a cause of action for sexual orientation discrimination under Title VII), *cert. pending* No. 17-1618; *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 108 (2nd Cir. 2018) (holding that "Title VII prohibits discrimination on the basis of sexual orientation as discrimination because of sex"), *cert. pending* No. 17-1623 (internal quotations omitted); *see also Hively v. Ivy Tech Cmty College of Ind.*, 853 F.3d 339, 340 (7th Cir, 2017) (concluding that "discrimination on the basis of sexual orientation is a form of sex discrimination").

*Spencer,* 2018 U.S. Dist. LEXIS 188310, at *10 n.2 (W.D. Va. Nov. 2, 2018)

## CONCLUSION

Plaintiff's motion for partial summary judgment should be granted, and Defendants' motion for summary judgment should be denied.

Dated: November 29, 2018  Respectfully submitted,

*/s/ S. Luke Largess*
S. Luke Largess (NC Bar # 17486)
Tin Fulton Walker & Owen PLLC
301 East Park Avenue
Charlotte, NC 28202
Telephone: (704) 338-1220
Facsimile: (704) 338-1312

Christopher Brook (NC Bar #33838)
American Civil Liberties Union
of North Carolina Legal Foundation
PO Box 28004
Raleigh, NC 27611
Telephone: (919) 834-3466
Facsimile: (866) 511-1344

Joshua A. Block (*pro hac vice*)
Brian Hauss (*pro hac vice*)
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2604
Facsimile: (212) 549-2652

Elizabeth O. Gill (*pro hac vice*)
American Civil Liberties Union
Foundation
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed a copy of forgoing document with the Clerk of Court using the CM/ECF system. All participants in the case are registered CM/ECF users and are hereby served through the CM/ECF system.

Dated: November 29, 2018

*/s/ S. Luke Largess*
S. Luke Largess