UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:17-cv-0011

LONNIE BILLARD,

　　Plaintiff,

v.

CHARLOTTE CATHOLIC HIGH
SCHOOL, MECKLENBURG AREA
CATHOLIC SCHOOLS, and ROMAN
CATHOLIC DIOCESE OF CHARLOTTE,

　　Defendants.

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 7.1(j), Defendants Charlotte Catholic High School, Mecklenburg Area Catholic Schools, and Roman Catholic Diocese of Charlotte (collectively "Defendants"), submit *Wittmer v. Phillips 66 Co.*, No. 18-20251, 2019 U.S. App. LEXIS 3731 (5th Cir. Feb. 6, 2019)(*see* Exhibit A), as supplemental authority in support of Defendants' Motion for Summary Judgment, *see* Dkt. Entries 29-30, p. 11-14, and in opposition to Plaintiff's Partial Motion for Summary Judgment. *See* Dkt. Entry 33, p. 3-5.

In *Wittmer*, the Fifth Circuit confirmed longstanding circuit precedent that "Title VII does not prohibit discrimination on the basis of sexual orientation." *See Wittmer*, 2019 U.S. App. LEXIS *2. In particular, in affirming summary judgment in favor of the employer on the plaintiff's transgender discrimination claim, the Fifth Circuit addressed the district court's failure to recognize as "binding precedent" *Blum v. Gulf Oil Corp.*, 597 F.2d 936 (5th Cir. 1979), wherein the Court expressly held that Title VII does not protect against discrimination on the basis of sexual orientation, making it clear that *Blum* remains good law. *Id*.

1

Further, in a concurring opinion, Circuit Judge James C. Ho discussed the rationale for the court's holding in *Blum*, explaining that *Blum* reflects the view "universally accepted by federal circuits for forty years, [that] Title VII prohibits employers from favoring men over women, or vice versa." *Id*. at *12.  Judge Ho explained that the so-called "blindness approach" to Title VII, recently adopted by a few courts (*see, e.g.*, *Hively v. Ivy Tech Comty. Coll. of Ind.*, 853 F.3d 339 (7th Cir. 2017), is inconsistent with principles of statutory interpretation.  The "blindness approach," which asks whether a plaintiff would have been treated the same way if his or her sex were different but all else is held constant, proves too much, because it would prohibit employers from maintaining separate restrooms and changing rooms for men and women. *Id*. at *19-20.  As Judge Ho explained, "significant policy issues" – such as whether employers may maintain separate restrooms and changing rooms for men and women – "must be decided by the people, through their elected representatives in Congress, using clearly understood text—not by judges, using 'oblique,' 'cryptic,' or 'subtle' statutory parsing." *Id*. at *21.

Judge Ho also explained that the "traditional interpretation of Title VII is also the only reading that comports with common usage" and then stated that "[i]f Congress had meant to prohibit sexual orientation … discrimination, surely the most straightforward way to do so would have been to … add 'sexual orientation' …. to the list of classifications protected under Title VII." *Id*. at *22.  Finally, Judge Ho explained that the Supreme Court's decision in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775 (1989) does **_not_** make sex stereotyping *per se* unlawful under Title VII; rather, "sex stereotyping is actionable only to the extent it provides evidence of favoritism of one sex over the other." *Id*. *24.

2

Case 3:17-cv-00011-MOC-DCK   Document 55   Filed 02/11/19   Page 2 of 5

This the 11th day of February 2019.

Respectfully submitted,

/s/ Meredith A. Pinson
John G. McDonald (N.C. Bar No. 23848)
jmcdonald@mcguirewoods.com
Joshua D. Davey (N.C. Bar No. 35246)
jdavey@mcguirewoods.com
Meredith A. Pinson (N.C. Bar No. 39990)
mpinson@mcguirewoods.com
MCGUIREWOODS LLP
201 North Tryon Street, Ste. 3000
Charlotte, North Carolina 28202
704.343.2276
704.444.8753 (Facsimile)

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send electronic notice to counsel for Plaintiff at the addresses as follows:

Joshua Block
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004-2400
Telephone: 212-549-2627
Facsimile: 212-549-2650
Email: jblock@aclu.org

S. Luke Largess
Tin Fulton Walker & Owen PLLC
301 East Park Avenue
Charlotte, North Carolina 28202
Telephone: 704-338-1220
Facsimile: 704-338-1312
Email: llargess@tinfulton.com

Christopher Brooke
American Civil Liberties Union of North Carolina Legal Foundation
P.O. Box 28004
Raleigh, North Carolina 27611
Telephone: 919-834-3466
Facsimile: 866-511-1344
Email: cbrook@acluofnc.org

Brian Hauss
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2604
Facsimile: 212-549-2652
Email: bhauss@aclu.org

Elizabeth O. Gill
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111

4

Case 3:17-cv-00011-MOC-DCK   Document 55   Filed 02/11/19   Page 4 of 5

Telephone: 415-621-2493
Facsimile: 415-255-8437
Email: egill@aclunc.org

This the 11th day of February 2019.
.

                /s/ Meredith A. Pinson
                Meredith A. Pinson (N.C. Bar No. 39990)

5

Case 3:17-cv-00011-MOC-DCK   Document 55   Filed 02/11/19   Page 5 of 5