IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LONNIE BILLARD,<br><br>*Plaintiff*,<br><br>v.<br><br>CHARLOTTE CATHOLIC HIGH SCHOOL, et al. MECKLENBURG AREA CATHOLIC SCHOOLS, and ROMAN CATHOLIC DIOCESE OF CHARLOTTE,<br><br>*Defendants*. | **Civil Action No. 3:17-cv-0011** |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(j), Plaintiff Lonnie Billard respectfully submits this response to Defendants' Notice of Supplemental Authority regarding *Wittmer v. Phillips 66 Co.*, No. 18-20251, 2019 U.S. App. LEXIS 3731 (5th Cir. Feb. 6, 2019).

The *Wittmer* panel merely acknowledges Fifth Circuit precedent. There is no such binding precedent in the Fourth Circuit. *See* Pl.'s Reply, ECF 34 at 1; *Spencer v. Town of Bedford*, No. 6:18-cv31, 2018 U.S. Dist. LEXIS 188310, at *10 n.2 (W.D. Va. Nov. 2, 2018); *Jones v. Va. Polytechnic Inst. & State Univ.*, No. 7:17-cv-531, 2018 U.S. Dist. LEXIS 163753 (W.D. Va. Sep. 24, 2018).

Moreover, Judge Ho's concurring opinion—which was not joined by any other judge on the panel—concedes that discrimination based on sexual orientation would qualify as discrimination based on sex if Title VII required employers to be "sex blind." ECF No. 55-1 at 6. The concurring opinion nevertheless argues that Title VII allows employers to "treat[] people

differently based on their sex" if the employer does not "favor men over women or women over men." *Id.* That assertion is directly at odds with binding Supreme Court precedent, which makes clear that "gender must be irrelevant to employment decisions" under Title VII. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 240 (1989) (plurality); *accord City of Los Angeles, Dep't of Water & Power v. Manhart*, 435 U.S. 702, 709 (1978) ("Congress has decided that classifications based on sex, like those based on national origin or race, are unlawful."). "The statute's focus on the individual is unambiguous," and it requires courts to "focus on fairness to individuals rather than fairness to classes." *Id.* at 708-09.

Judge Ho opines that because employers may provide sex-separated restrooms they may also fire or refuse to hire men who marry men and women who marry women. But sex-separated restrooms have been held permissible on the basis that they do not create "disadvantageous terms or conditions of employment" or "tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee." 42 U.S.C § 2000e–2(a)(1)-(2); *see Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 119 (2d Cir. 2018) (en banc). The mere existence of sex-separated restrooms does not mean that employers may "fail or refuse to hire . . . any individual . . . because of such individual's . . . sex." 42 U.S.C § 2000e–2(a)(1).[1]

Dated: February 13, 2019                    Respectfully submitted,

                                            /s/ Joshua A. Block

---

[1] Judge Ho also acknowledges that if Title VII required employers to be "sex blind" then they could not fire someone for marrying a person of the same sex, just as they may not fire someone for marrying a person of a different race. ECF No. 55-1 at 10. Judge Ho argues that "the analogy fails" because the Supreme Court "did not establish a right to same-sex marriage based on sex discrimination *at all*." ECF No. 55-1 at 10. That is incorrect. *Obergefell* was based on *both* the Equal Protection and Due Process Clauses, and the Court expressly relied upon sex discrimination precedent that invoked "equal protection principles to invalidate laws imposing sex-based inequality on marriage." *Obergefell v. Hodges*, 135 S. Ct. 2584, 2604 (2015).

S. Luke Largess (NC Bar # 17486)
Tin Fulton Walker & Owen PLLC
301 East Park Avenue
Charlotte, NC 28202
Telephone: (704) 338-1220
Facsimile: (704) 338-1312

Christopher Brook (NC Bar #33838)
American Civil Liberties Union
of North Carolina Legal Foundation
PO Box 28004
Raleigh, NC 27611
Telephone: (919) 834-3466
Facsimile: (866) 511-1344

Joshua A. Block (*pro hac vice*)
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2604
Facsimile: (212) 549-2652

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed a copy of forgoing document with the Clerk of Court using the CM/ECF system. All participants in the case are registered CM/ECF users and are hereby served through the CM/ECF system.

Dated: February 13, 2019

**/s/Joshua A. Block**
Joshua A. Block