# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

LONNIE BILLARD,

     *Plaintiff*,

     v.

     **Civil Action No. 3:17-cv-0011**

CHARLOTTE CATHOLIC HIGH SCHOOL,
*et al.*,
     *Defendants*.

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 7.1(j), Plaintiff Lonnie Billard respectfully submits the recent decision *Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc.*, No. 1:19-cv-03153-RLY-TAB (S.D. Ind. Oct. 21, 2020) (attached as Ex. A), as supplemental authority in support of Plaintiff's Motion for Partial Summary Judgement (ECF No. 26) and in opposition to Defendants' Motion for Summary Judgment (ECF No. 29).

The facts in *Starkey* are similar to this case:  Ms. Starkey—a guidance counselor and long-time employee at a Catholic school—was fired because she married a same-sex partner in violation of the Church's teachings about marriage.  Ms. Starkey sued under Title VII, and the school filed a motion to dismiss making virtually the same arguments that Defendants make here.[1]  The district court rejected those arguments, holding that:

     1.     Section 702 of Title VII does not provide a defense to discrimination based on sexual orientation, even when that discrimination is religiously motivated.  Slip op. at 6-15. "The

---

[1] The defendants in *Starkey* did not assert a defense under the Religious Freedom Restoration Act.  Seventh Circuit precedent holds that RFRA does not apply to suits between private parties. *See Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 736 (7th Cir. 2015).

exemption under Section 702 should not be read to swallow Title VII's rules." *Id.,* at 11. "Section 702 allows religious employers to favor coreligionists in employment decisions. It does not allow religious employers to do so in a way that also discriminates against another protected class." *Id.* at 15. *See* Pl.'s Supp. Br. (ECF 62) at 3-7; Pl.'s Supp. Reply (ECF 65) at 2; Defs.' Supp. Br. (ECF 63) at 7-9; Defs.' Supp. Reply (ECF 64) at 2-4.

2.      The "church autonomy" doctrine does not provide a constitutional right to discriminate against non-ministerial employees. Slip op. at 17-19. "If Defendants could claim that religious autonomy protects employment decisions regardless of whether the position was religious or secular, it is not clear why the Supreme Court reaffirmed the ministerial exception's narrow application to only those employees who have responsibilities 'that lie at the very core of the mission of a private religious school.'" *Id.* at 19. *See* Pl.'s Supp. Br. at 8; Pl.'s Supp. Reply at 3; Defs.' Supp. Br. at 16-18; Defs.' Supp. Reply at 5.

3.      The right to expressive association recognized in *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000), does not provide a defense to Title VII claims for employment discrimination. Slip op. at 21-23. "The freedom of association cases relied upon in *Dale* reveal the doctrine's applicability to parade groups, political parties, and other nonemployment contexts." *Id.* at 22-23. *See* Pl.'s Supp. Reply at 4-5; Defs.' Supp. Br at 18-19.

Dated: October 23, 2020                    Respectfully submitted,

                                           /s/    Joshua A. Block

                                           Joshua A. Block (*pro hac vice*)
                                           Brian Hauss (*pro hac vice*)
                                           American Civil Liberties Union
                                           Foundation
                                           125 Broad Street, 18th Floor
                                           New York, NY 10004
                                           Telephone: (212) 549-2604
                                           Facsimile: (212) 549-2652

2

Elizabeth O. Gill (*pro hac vice*)
American Civil Liberties Union
Foundation
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Irena Como (NC Bar #51812)
American Civil Liberties Union
of North Carolina Legal Foundation
PO Box 28004
Raleigh, NC 27611
Telephone: (919) 834-3466
Facsimile: (866) 511-1344

S. Luke Largess (NC Bar # 17486)
Tin Fulton Walker & Owen PLLC
301 East Park Avenue
Charlotte, NC 28202
Telephone: (704) 338-1220
Facsimile: (704) 338-1312

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed a copy of forgoing document with the Clerk of Court using the CM/ECF system. All participants in the case are registered CM/ECF users and are hereby served through the CM/ECF system.

Dated: October 23, 2020

<u>**/s/Joshua A. Block**</u>
Joshua A. Block